No. 4358.—E. B. MARMILLON *v.* E. R. ARCHINARD.

The builder's lien and privilege allowed by law on the building erected by the contractor only dates and takes rank from the day it is recorded in the office of the Recorder of Mortgages. The recording of a detailed statement of the amount due, attested under the oath of the builder, only gives him a privilege on the building from and after it is recorded. It does not date back to the time of the contract for the erection of the building. Other mortgages or privileges of prior date of record will therefore take precedence over such a privilege in the distribution among the creditors of the proceeds of the sale of the property.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *A. L. Tissot,* for plaintiff and appellee. *A. Robert* and *Albert Voorhies,* for intervenor appellee. *Semmes & Mott* and *M. M. Cohen,* for intervenor and appellant.

TALIAFERRO, J. A contest is here presented between several creditors claiming to be paid by priority and preference out of the proceeds of sale of a lot of ground and the buildings upon it in Bienville street, New Orleans. The claims of the several parties seem to stand as follows:

Marmillon, the plaintiff, and one Goldthwaite are holders each of a note for $3,333 33, which were given by Archinard, the defendant, for the balance due of the price he stipulated to pay for the lot of ground in question with the buildings upon it when he purchased the property on the twenty-seventh of September, 1866. These notes are secured by mortgage and vendor's privilege of the same date. On fifteenth of

August, 1870, Archinard executed three promissory notes of $3,773 71 each in favor of Jamison, a builder, who had, during the years 1868 and 1869, erected for him on the lot referred to a new and costly edifice. One of these notes passed into the hands of Nicholson, one of the contestants, and the other two are brought into the controversy by the Crescent Mutual Insurance Company. These parties have concurrent claims, for which they set up the privilege accorded to architects and others by the article 2772 [2743] of the Civil Code. These notes are also secured by mortgage upon the property. The Merchants' Mutual Insurance Company as holder of two notes of the defendant, one for $1000 the other for $2000, claims a right to participate in the proceeds, asserting a mortgage on the property, executed on the twentieth of November, 1868.

Upon the pleadings and evidence presented the court a qua decreed a distribution of the proceeds of the property on the following basis: After discharging the costs of the proceedings the concurrent claims of the plaintiff and Goldthwaite to be first paid. Next that the Merchants' Mutual Insurance Company be paid its claim, and that the remainder of the proceeds, if there be any, be paid over concurrently and pro rata to Nicholson and the Crescent Mutual Insurance Company. The last named parties appealed.

We find from the record that the act of mortgage from Archinard to Jamison on the fifteenth of August, 1870, to secure the payment of the three notes of $3,773 71, on which was based the architect's privilege, contains the following clause : "And here the said Archinard declared and acknowledged that the three notes issued and furnished by him in virtue of this act are given in lieu of five other notes drawn and endorsed by him, dated on the first day of September, 1869, four of which being for two thousand dollars each, made payable in twelve, twenty-four, thirty, and thirty-six months after date, and the other for three thousand and twenty-one dollars and thirty-one cents, made payable forty-two months after date, which notes represent the balance due by him the said Archinard to the same Jamison for erecting certain buildings on the said described property, and are secured by the privilege hereinbefore referred to, and the said three notes now issued and furnished by the said Archinard in virtue of this act being for the same identical indebtedness represented by the said five notes above described, and which are hereunto annexed, it is hereby agreed by and between the said parties that the said mentioned privilege shall remain in full force and effect, and shall guarantee the payment of the said last mentioned three notes; the whole without any novation of the said original indebtedness."

The original five notes here specified, and which are declared to be "hereunto annexed," it seems, have not been produced and shown.

They make in the aggregate, the amount of a detailed statement of the labor furnished and the building material supplied by Jamison in the construction of the new building upon the lot in Bienville street, purchased by Archinard from Eliza Evans. This detailed statement, sworn to by Jamison, was recorded in the mortgage office on the twenty-eighth of September, 1869. He testifies that he began the work in July or August, 1868, and furnished it in about one year; that the house was finished when he made the affidavit to the detailed statement of labor and materials furnished; and the affidavit is dated September 27, 1869.

Article 2772 of the Civil Code declares that "the undertaker has a privilege for the payment of his labor, on the building or other work which he may have constructed," and article 3272 provides that "architects, undertakers, etc., preserve their privileges only in so far as they have recorded with the recorder of mortgages in the parish where the property is situated the act containing the bargains they have made, or a detailed statement of the amount due attested under the oath of the party doing or having the work done, or acknowledgment of what is due to them by the debtor."

The article 3273 declares that "privileges are valid against third persons from the date of the recording of the act or evidence of indebtedness as provided by law." And the succeeding article provides that "no privilege shall have effect against third persons, unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded on the day that the contract was entered into."

No written agreement, it seems, was entered into by Archinard and Jamison as to the cost of the building before it was commenced, and no contract in writing entered into in regard to the work. The purport of the several articles referred to applied to the facts of this case appears to authorize the conclusion that the recording of the detailed statement on the twenty-eighth of September, 1869, can have no bearing upon the property anterior to the twentieth of November, 1868, the date of the recording of the mortgage of the Merchants' Insurance Company. The recording of the detailed statement did not carry back the privilege to the time Jamison began the work. Neither did the declaration and recital in the act of mortgage from Archinard to Jamison on the fifteenth of August, 1870, which we have adverted to, have that effect. Privileges are *stricte juris*. The failure on the part of Jamison to have his agreement and contract with Archinard relative to the building he was to construct reduced to writing and recorded as required by law was fatal to his claim to a privilege adverse to the

vendor's lien and mortgage, and the mortgage of the Merchants' Insurance Company. His own mortgage can only take rank according to the time of its recordation, and it is the junior mortgage on the property.

It is contended by the opponent's setting up the prior mortgage and vendor's lien, that by taking notes in payment of the price of the work and materials as set out in the detailed statement, and again exchanging them for the notes executed by Archinard in August, 1870, a novation of the debt took place which destroyed the privilege of Jamison if he ever had one. We think it clear that novation took place and that it had the effect contended for, of de-troying the privilege asserted, if there ever existed one. With the views expressed we think the decree of the lower court correct.

Judgment affirmed.