534                    SUPREME COURT OF LOUISIANA,

State ex rel. Prager vs. Recorder of Mortgages and Johnson.

## No. 6124.

STATE EX REL. CHARLES PRAGER VS. RECORDER OF MORTGAGES AND SAMUEL JOHNSON.

This suit turns on a conflict between a privilege and a mortgage. The written contract from which a builder's privilege is claimed by Johnson, and which was signed on the twenty-sixth of January, 1874, was recorded on the thirtieth of May, 1875. The conflicting mortgage, granted to one William Henry, was dated the thirtieth of August, 1875, and recorded on the next day, the thirty-first of August, 1875.

On the thirtieth of August, 1875, Johnson, the builder, whose original contract for building a certain railroad had been recorded as aforesaid on the thirtieth of May, 1875, made out a written statement, to the truth and correctness of which he made affidavit. In this written act he sets up a claim against the railroad company for extra work on their road, not stipulated for in the original contract, and for damages, etc., for which privilege is claimed. This sworn statement was recorded on the thirty-first of August, 1875.

The relator can not claim that, because the builder's privilege resulting from the recording of the contract on the thirtieth of May, 1875, was not recorded on the same day it was executed, it is therefore null and does not take precedence of his mortgage, which was not recorded for three months afterward.

But the written statement of Johnson, the builder, made under oath and recorded on the same day the relator's mortgage was recorded, stands on a different footing. In the first place, it is not a detailed statement of the amount due as contemplated and required by article 3272 of the Civil Code. In the next place, the recordation of it, although made on the same day the mortgage was recorded, has no effect against the rank of the mortgage, for the reason that the instrument or statement from which it is claimed the privilege arises was executed the day before it was recorded, whereas article 3274 of the Civil Code declares that a privilege " shall confer no preference on the creditor who holds it over creditors who have acquired a mortgage, unless the act or evidence of the debt is recorded on the day the contract was entered into."

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. Hornor & Benedict*, for relator and appellant. *McEnery, Ellis & Ellis*, for P. H. Thode, subrogee to Johnson and appellee.

TALIAFERRO, J. In this case there is a conflict between a privilege and a mortgage. Samuel Johnson, one of the defendants, entered into a written contract with the Canal-Street and City Park Railroad Company to build their railroad. The contract was entered into and signed on the twenty-sixth of January, 1874, and was acknowledged before a notary public the same day. This written contract was recorded in the office of the recorder of mortgages on the thirtieth of May, 1875.

The mortgage of the company to William Henry is dated the thirtieth of August, 1875, and was recorded in the mortgage office on the next day, thirty-first of August, 1875.

On the thirtieth of August, 1875, Samuel Johnson, the builder of the aforesaid railroad, and whose contract with the company for building it was recorded in the mortgage office on the thirtieth of May, 1875, made out a written statement, to the truth and correctness of which he made affidavit. In this written act he sets up a claim against the railroad company for extra work done on their road, work not stipulated for in

the original builder's contract, and for damages, etc., in all a demand of thirty thousand dollars, for which he claims a privilege on the said railroad. This sworn statement was recorded in the mortgage office on the thirty-first of August, 1875.

The relator in this case alleges that he is the holder and owner of three several promissory notes for the total amount of twelve thousand five hundred dollars of the Canal-Street, City Park, and Lake Railroad Company, secured by mortgage upon the said railroad, its franchises, etc., and certain real estate belonging to it, duly recorded. The relator then refers to the privilege claimed by Johnson as builder, and to his claim of privilege on his demand for extra work, and alleges that the two inscriptions of Johnson are null and void; that they have been illegally entered upon the records of the mortgage office; that he has a direct interest in having the said inscriptions erased, as he desires to sell his mortgage notes and can not obtain their real value on account of the mortgage securing their payment being primed by the said pretended privileges as they now stand on the public record, and if they are erased his mortgage will then apparently as well as really have its real value. He therefore prays that a mandamus issue to the recorder of mortgages ordering him to erase the inscriptions of these alleged pretended privileges from the records of his office.

Johnson and the recorder of mortgages were called upon to show cause why the required erasures should not be made. Johnson answered disclaiming any interest in the matter, having transferred his rights to Peter Thode. The latter appeared, by consent of all parties, and filed exceptions to the relator's proceedings, denying his right to demand the erasures of the privileges, and setting forth his ownership of the privileges in question, and asserting their superiority in rank to the relator's mortgage.

The judgment of the lower court discharged the rule taken by the relator, and he has appealed.

The issues here presented are not difficult of solution. The relator can not maintain that because the builder's privilege resulting from the recording of the contract on the thirtieth of May, 1875, was not recorded on the same day it was executed it is therefore null and does not take precedence of his mortgage, which was not recorded for three months afterward. Civil Code, article 3273: "Privileges are valid against third persons from the date of the recording of the act or evidence of indebtedness as provided by law."

But the written statement of Johnson, made under oath and recorded on the same day the relator's mortgage was recorded, stands on a different footing. In the first place, it is not a detailed statement of the amount due, as contemplated and required by article 3272 of the Civil

Code. In the next place, the recordation of it, although made on the same day the mortgage was recorded, has no effect against the rank of the mortgage, for the reason that the instrument or statement from which it is claimed the privilege arises was executed the day before it was recorded, whereas article 3274 of the Civil Code declares that a privilege "shall confer no preference on the creditor who holds it over creditors who have acquired a mortgage, unless the act or evidence of the debt is recorded on the day the contract was entered into."

It is therefore ordered that the judgment of the lower court be annulled, avoided, and reversed. It is now ordered—

First—That the privilege resulting from the recording of the contract between the parties for the building of the railroad in question be recognized as having priority of rank over the relator's mortgage.

Second—That the claim set up by the defendant, Thode, to a privilege as arising from the recording of the statement and affidavit of Johnson before referred to be rejected and disallowed.

Third—That the privilege so claimed be erased by the recorder of mortgages from the records of his office.

It is lastly ordered that the plaintiff and appellant pay costs in the lower court, the defendant and appellee those of this appeal.

### On Application for Rehearing.

Morgan, J. The only ground for the application for a rehearing herein is in regard to the costs. There was error in the judgment in this regard, but we can correct it without having the whole case re-argued.

It is therefore ordered, adjudged, and decreed that our judgment, in so far as it puts the costs on the plaintiff and appellant, be avoided and annulled, and that the decree be that the defendants pay costs in both courts, and that as thus amended our former decree remain undisturbed, and the rehearing asked for refused.