## No. 8812.

### Heirs of F. V. Gallaugher vs. Hebrew Congregation.

A recorded judgment operates as a judicial mortgage on real estate acquired by the judgment debtor, though his act of purchase be not recorded. The judgment creditor can, by the hypothecary action, subject the property to the satisfaction of his judgment, in case of the sale or transfer thereof. The purchaser of the real estate thus burdened has no right to urge defences against the judgment and mortgage which his vendor could not have set up.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburne, J.*

*C. D. Favrot* and *John H. Lamon* for Plaintiffs and Appellees.

*Burgess & Burgess* and *L. D. Beale* for Defendants and Appellants.

The opinion of the Court was delivered by

Bermudez, C. J. This is an hypothecary action based on a judicial mortgage. From a judgment against them, the defendants have appealed.

On the 18th of July, 1872, Gallaugher recorded a judgment which he had against Delacroix. On the 1st of October, 1875, Delacroix acquired

real estate at the place of registry. His title to it was filed with the Recorder on the 12th of September, and recorded on the 15th following, in 1876. On the day of its filing he sold the property to the defendants, the act being recorded on the 16th of the same month and year, so that when Delacroix sold, Gallaugher's judgment was recorded against him and his act of purchase had not been recorded.

The legal question presented is simply : whether a judicial mortgage reaches and affects real estate situate at the place of registry, to which the judgment debtor has only an unrecorded title.

The defendants claim that as Delacroix' act of purchase was not recorded in the Conveyance Book at the time he sold them the property sought to be reached, the judgment of plaintiffs did not encumber the real estate.

In support of that theory, they invoke Article 2266 R. C. C., which is a reproduction of the Act of 1855. It provides that " all sales, contracts and judgments affecting immovable property, which shall not be recorded, shall be utterly null and void except between the parties."

The paragraph does not stop there. It continues and declares, that " the recording may be made at any time, but shall only affect third persons from the time of the recording."

A preceding Article, 2264, directs that " no notarial act concerning immovable property shall have any effect *against* third persons, until the same shall have been deposited in the office of the parish recorder or register of conveyances of the parish where such immovable property is situated."

On reading those provisions of law, the legal mind remains satisfied that the object of the legislature in requiring registry of sales, contracts, notarial acts and judgments concerning and affecting immovable property, was to protect third parties *against* the effect which such acts would otherwise produce. They never were designed to prevent such property from passing from vendor to purchaser, or prevent general mortgages from reaching and encumbering real estate acquired under an unrecorded title.

The law simply means, that sales, contracts, acts and judgments, touching or susceptible of encumbering immovable property, shall not affect third parties, that is, operate to their prejudice, but shall be valid between the parties.

It can have no other rational meaning. Otherwise, the unavoidable consequence would be that the legislature, instead of promoting public justice, deliberately proposed to become the handmaid of fraud, deception and spoliation.

Real estate, by whatever mode acquired, whether by purchase, ex-

change, giving in payment or any other contract, passes absolutely and is binding against the world, be the act recorded or not, subject to qualifications as to the creditors of the vendor and *bona fide* purchasers from him without notice.

Where the act is recorded, those creditors cannot reach and seize the property, unless by the hypothecary action, if it was subject to a privilege or mortgage in their favor at the time of registry, or by the revocatory action, on proper averments and proof.

Where the act is unrecorded, those creditors are not presumed to know of its existence, or if they know of it, they are not bound to respect the transfer. They are authorized to ignore it, and to proceed directly against the property as though the transfer had never taken place and the property unquestionably belonged to their debtor.

This was expressly decided in the case of Lyons vs. Cenas, 22 An. 113, in which execution had been levied on real property inherited by the defendant, and which, it was claimed, had been acquired from the succession by the party in possession, whose title had however not been recorded previous to seizure. As to the creditor there had been no *mutation*.

The Court said substantially :

According to the law and the well established jurisprudence, the act of sale set up as conveying title to the plaintiff could have no effect against third persons, until duly recorded in the parish where the property is located, and consequently as to them the plaintiff was not the legal owner thereof at the date of the seizure.

The injunction was dissolved, and the seizure was allowed to proceed.

Where a vendor sells the same property to different purchasers who are in good faith and without notice, the property passes legally however to him whose title of purchase is first recorded.

While the creditors of the vendor cannot be prejudiced by an unrecorded transfer, those of the purchaser may be benefitted by it, subject however to the superior rights of the former.

The registry of the transfer is no condition precedent essentially required to subject the real estate to judicial or legal mortgages inscribed against purchaser and vendor, and which it is admitted would, beyond doubt, reach the property in case of a registry of the title in the proper Conveyance Book.

The law is, that judicial and legal mortgages registered against the purchaser affect and encumber the property from the very instant of purchase, whether the deed be recorded or not, but rank subordinate to the encumbrances existing on the property against the vendor at

the moment of the transfer.   4 R. 71; 11 R. 154; 10 L. 301; 2 An. 775; 4 An. 411, 569; 14 An. 701; 20 An. 80; 22 An. 113; 24 An. 81; 30 An. 727.

Purchasers from one whose title is unrecorded and against whom mortgages are registered, affecting the real estate bought by them, have no one to blame but themselves for failing to procure seasonably from the recorder a certificate establishing the *status* of the property, in point of alienation and encumbrance.   Had the defendants in this case required such certificate instead of formally waiving it, they would not have found themselves in the difficulties in which they have since been involved.

The defendants have no right to the property in question, which they did not acquire from Delacroix.   Such as the property was when Delacroix sold it to them, it passed to them.   At that time it was clearly burdened with the judicial mortgage in favor of Gallaugher or his heirs.   As he could not have disputed it, so are they not to be heard to contest it.   What operated against it then, has continued to burden it.   It is therefore in their hands subject to the judicial mortgage in favor of Gallaugher's heirs.

We take notice of the judgment of this Court, this day rendered in the case of Givanovich against these same defendants, but are not to be considered as intimating in the least as to which of the plaintiffs here and the plaintiff there, in case of a conflict, will be entitled to a priority.

It will be time enough to solve the difficulty when it shall be presented.

The ruling invoked in 27 An. 337, in so far as it may be at variance with the views expressed in this opinion, must be considered as overruled.

There being no error in the judgment appealed from, it is affirmed with costs.

Todd, J., dissents.

---

### DISSENTING OPINION.

Todd, J.   This is an hypothecary action to enforce a judicial mortgage against property in possession of the defendant.

The facts are these:

F. V. Gallaugher, now deceased, obtained a judgment against Delacroix, which was recorded in the proper book of mortgages on the 18th July, 1872.

On the 1st of October, 1875, Delacroix purchased the property sought to be affected by the judicial mortgage resulting from the recordation

of this judgment; but the act of sale was not recorded until the 15th September, 1876.

On the 12th September, 1876, Delacroix sold this property to the Hebrew Congregation, the defendants herein, and on the same day the act of sale was inserted and filed for record in the Recorder's office, but was not recorded till the 16th of same month, (September, 1876).

The defendants, in answer to the plaintiffs' petition, among other defenses, urge that the property in question never became subject to the judicial mortgage of the plaintiffs, because the title of Delacroix, the judgment debtor, to the property, was not recorded till after its purchase by defendants, and that, whilst the title of said judgment debtor was unrecorded, the mortgage did not and could not operate thereon; and before it was recorded defendants' right thereto had fully vested under the purchase aforesaid.

The legal question presented is, whether a judicial mortgage will take effect upon property to which the debtor has no recorded title, to the prejudice of a *bona fide* purchaser from such debtor, whose purchase antedates the registry of the title of such debtor?

I am constrained to answer this question in the negative.

The Act of 1855, now part of Article 2266 of the Civil Code, provides: "All sales, contracts and judgments affecting immovable property which shall not be recorded, shall be *utterly null and void*, except between the parties thereto."

The words "*utterly null and void*," I construe to mean, that sales, contracts and judgments are absolutely without effect, and really have no existence except between the parties thereto until recorded. That is, they have no effect in favor of or against any one, except the parties, until so recorded. As to all others, it is the record and the record only that gives them life or existence. Such being the case, the recorded judgment of Gallaugher did not and could not, in my opinion, operate on the property in question, in the absence of any registry of Delacroix' title to the same. As to that creditor, under such conditions his title was void, and his ownership thereof did not exist.

This construction of the law is supported by the decision in the case of Rochereau & Co. vs. Colomb, 27 An. 337.

The defendant in that case purchased a plantation in the Parish of St. James, the act of sale having been passed in the City of New Orleans. In the Parish of St. James a judgment in favor of the plaintiffs in the case was duly recorded. There was a delay in recording the act of sale to the defendant in St. James, where the property was

105

situated. The Court held, that during such delay, the judicial mortgage did not operate on the land so purchased by the judgment debtor; and in a contest over the proceeds of the sale of the land between the vendor thereof and. the mortgage creditor, precedence was given to the former, under his privilege and mortgage for the price. In that decision we find the following language:

"As to third persons the sale had no effect until it was duly recorded where the property was situated. It is certain that the creditors of the vendor might have seized and sold the property before the registry of the sale in St. James Parish, free from any claim of the vendee's creditors. But if their judicial mortgage had attached, this could not be."

It is urged, however, that the title of the defendants to the property was not recorded until one day after the sale to Delacroix, the mortgage debtor, had been registered, and that the mortgage against him took effect at least from the registry of his title.

The act of sale to defendants was passed before the Recorder on the 12th September, 1876, though not recorded till the 16th. The act must be considered as deposited and filed for record on the day it was passed, and took effect from that date, under the provisions of Article 2254 of the Code. See also, Payne & Co. vs. Panly, 29 An. 116.

For these reasons, I dissent.