### No. 9161.

MARCO GIVANOVITCH AND HEIRS OF GALLAUGHER VS. HEBREW CONGREGATION OF BATON ROUGE.

Unless the act from which the vendor's or other privilege is claimed, as affecting real estate, be seasonably recorded in the proper mortgage book of the parish in which the property is situated, general mortgages previously registered (and even certain liens) will take precedence and be satisfied according to their respective rank.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburn*, J.

---

*H. M. Favrot* and *Alfred Grima* for Plaintiff and Appellant:

The title to real estate passes absolutely, as to the whole world, by the act of sale thereof, be it recorded or not, subject to the rights of certain creditors. 35 A. 831.

When one, by purchase, brings property into his estate, thereby increasing the common pledge of his creditors, the proceeds of a judicial sale of the said property must be ap-

plied to the payment of the balance owing to the vendor for the price of sale of the property before going to the satisfaction of other creditors.

The assumption of the note of a vendor as a part consideration of the purchase price of real estate property carries a vendor's privilege on the property. 35 A. 164 ; De l'Isle vs. Succession of Moss.

*C. D. Favrot* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a contest for priority of payment out of the proceeds of the property of defendant, which was simultaneously sold under writs respectively issued by the contending creditors.

Marco Givanovitch claims that he is entitled to the vendor's privilege, while the heirs of Gallaugher insist that their judicial mortgage ranks the privilege thus claimed.

From a judgment in favor of the judgment creditors, the present appeal is taken.

The following are the facts established by the record :

On the eighteenth of July, 1872, a judgment in favor of F. V. Gallaugher stood recorded in the proper book, in the parish of East Baton Rouge, for $1330, against C. Delacroix.

On the first of October, 1875, more than *three* years later, Givanovitch sold to Delacroix a piece of real estate in the same parish, part cash, part on time.

On September 12, 1876, Delacroix sold the same property to the Hebrew Congregation, who, in part consideration of the price, assumed Delacroix' debt to his vendor.

The act of sale by Givanovitch to Delacroix was recorded in the mortgage and privilege book on the twenty-first of September, 1876.

The sale by Delacroix to the Congregation was recorded in the same book, on the sixteenth of the same month and year, (September, 1876) five days before the registry of that of Giranovitch to Delacroix.

The judgment of Gallaugher was duly revived and reinstated and had full force and vitality, when the property herein was sold.

The question presented is simply: Whether the judicial mortgage securing Gallaugher's judgment recorded on July 18, 1872, shall or not take precedence over the privilege claimed by Givanovitch, whose act was recorded on September 21, 1876.

In the case of the heirs Gallaugher versus this same defendant, we had occasion to determine, after a full review of the law and jurisprudence, that a recorded judgment operates as a judicial mortgage on real estate acquired by the judgment debtor, though his act of purchase be not recorded, and that the judgment creditor could, by the hypothe-

cary action, subject the property to the satisfaction of his judgment in case of the sale or transfer thereof. We also held, that the purchaser of the real estate thus burdened, had no right to urge defenses against the judgment and mortgage which his vendor could not have set up. 35 A. 829.

In the case of Givanovitch versus this same defendant, in which the vendor's privilege was asserted and claimed, we held, that the holder of the vendor's note could sue directly the purchaser's vendee, who had assumed the payment of the notes, whether the purchaser's deed had or not been recorded. O. B. 57, fol. 188.

As no conflict had as yet arisen between the judgment creditors and the vendor, we studiously refrained from expressing any impression on the question of priority, which is now directly submitted for determination.

An attentive and thorough examination of the matter leaves no doubt in our minds, that the proceeds of sale must be first applied to the satisfaction of the judicial mortgage debt, which is *first* in point of time of registry, and that, whatever amount may thereafter remain, will have to be applied to the next ranking mortgage claim.

We think it needless to review and reannounce explicitly the authorities, deeming a mere reference to them amply sufficient, as we have taken the pains to re-examine them separately and find them clearly decisive of the issue.

They all accord that, unless the contract from which the vendor's or other privilege is claimed to arise, was recorded seasonably in the proper book of the mortgage office of the parish in which the real estate is situated, general mortgages previously recorded, and even certain liens, will take precedence and be satisfied according to their respective rank. 6 A. 162; 7 A. 65; 12 A. 178; 18 A. 143; 20 A. 79; 23 A. 286; 24 A. 610; 26 A. 80; 27 A. 290, 243, 405, 461; 28 A. 305, 534; 29 A. 116, 412; 30 A. 727, 833, 1007; 31 A. 284; 34 A. 923, 1131; 35 A. 829.

As concerns the ruling in Rochereau vs. Colomb, 27 A. 337, to which our attention is called, we can only reiterate what we said touching it in the last case.

The authority invoked of de l'Isle vs. Moss, 35 A. 165, is well entitled to the respect which is claimed for it, but it cannot avail Givanovitch, as it recognizes in a vendor the privilege which secures payment of the price, with priority over the purchaser's creditors, only where the act mentioning it has been seasonably and properly recorded.

We find no error in the judgment appealed from, which is affirmed, with costs.

TODD, J. takes no part.