On Rehearing.
PROVOSTY, J.
The plaintiff, the Carroll Lumber Company, sued the defendant, Davis, for the unpaid price of lumber sold to him, and caused the barn on the plantation of the intervener, Mrs. Montgomery, to be sequestered, on the theory that the building belonged to Davis, who had constructed it as lessee of the plantation, and that the lumber- had entered into the construction of it, and, as a consequence, the unpaid purchase price of the lumber was secured by a privilege on the building.
Mrs. Montgomery intervened, claiming ownership of the building; and, in the alternative, claiming a lessor’s privilege and right of pledge upon it, priming the alleged privilege of plaintiff.
*423 The contest is exclusively between the plaintiff and the intervener. There is no dispute as to the facts. That plaintiff sold the lumber on a credit to Davis, and that it went into the building, and was never paid for, is proved by two witnesses, and is not contested by intervener, who simply says that she knows nothing about it. That intervener’s plantation was leased to Davis during the years 1903 to 1909, inclusive, at $2,500 for 1909, and $2,250 for each of the other years; that the barn was completed in 1908; that in the latter part of that year Davis gave it to Mrs. Montgomery in part payment of the arrears of the rent then amounting to at least $5,000; that on the 1st of January, 1910, he owed over $6,000 for rent—all this is testified to by Mrs. Montgomery in answer to interrogatories on facts and articles, and is not contradicted by any one.
Mrs. Montgomery was under the impression that this barn had been constructed in part out of the materials from another barn torn down on the place; but she does not pretend to have known this of her own knowledge.
[6] To the question:
“What delivery of the barn was, made to you ?”
She answered:
“It was always on my land, and still is, and I do not see how it could be delivered to me any more than that.”
Nor do we. The only other way would have been to have moved the building from the plantation, or for the lessee to have removed from the plantation; and the law required nothing of that kind to be done. Just such a situation as this is contemplated by the Code:
“Art. 2478. The tradition or delivery of movable effects takes place either by their real tradition, or by the delivery of the keys of the buildings in which they are kept; or even by the bare consent of the parties, if the things cannot be transported at the time of sale, or if the purchaser had them already in his possession under another title.”
[7] The possession which the lessee holds of leased property is a precarious possession. Legally speaking, it is not his own, but that of the lessor. True, if he erects a building on the leased premises, the building belongs to him, and not to the lessor, and is not covered by the lease; and his possession of it, therefore, is his own, and not that of the lessor. But the legal situation stands differently, if by agreement between him and the lessor the building is to belong to the lessor, and is to be covered by the lease. His possession of it, then, is that of the lessor.
The dation en paiement was therefore completed and made perfect by delivery.
[8] Moreover, if the intervener’s claim of ownership were to fail, her alternative claim of a lessor’s right of pledge and privilege would have to prevail, for plaintiff’s privilege was not recorded for over a year after the lumber had been sold; whereas, in order to take precedence even of a mortgage, the law requires that it should have been recorded within seven days. C. C. 3274; Act 45, p. 59, of 1877; Bank of America v. Fortier, 27 La. Ann. 243; Givanovitch v. Hebrew Congregation, 36 La. Ann. 272; Marmillon v. Archinard, 24 La. Ann. 610.
The judgment of the Court of Appeals is therefore set aside, and that of the district court is reinstated and made the judgment of this court. Plaintiff to pay the costs of this court and of the Court of Appeals.