BRUNOT, Justice.
 

 This case presents only questions of law. On March 18, 1925, the Union Homestead Association purchased, for cash, from Mr. and Mrs. Otto Finck, and sold to them on terms of credit, the property described in the plaintiff’s petition, on which the Homestead Association retained the usual building and loan mortgage and vendor’s lien. On the same day Mr. and Mrs. Otto Finck granted a mortgage upon the same property to R. Marks. This act was passed before E. A. Parsons, notary public, and it is recited in the act that:
 

 “The'parties hereto are aware of the exist: ence of a mortgage granted this day by the
 
 *440
 
 said Mr. and Mrs. Otto Einck, in favor of the Union Homestead Association of this Oity, for the sum of $11000.00, by act passed before W. Morgan Gurley, Notary, on March 18, 1925, and the mortgage herein presently granted is a second mortgage, subordinated to the said mortgage in favor of the Union Homestead Association, no matter in what order the said mortgages are recorded, and priority of payment is granted to said Union Homestead Association of their mortgage over the presently granted mortgage.”
 

 The sale by the Union Homestead Association to Mr. and Mrs. Einck was registered in the conveyance office on March 19, 1925. The second mortgage, but with the clause subordinating that mortgage to the homestead mortgage omitted therefrom, was recorded on March 20, 1925, and the Homestead Association’s vendor’s lien and special mortgage was recorded on March 21, 1925.
 

 It appears that the note held by R. Marks and secured by the second mortgage was, before its maturity, acquired, in due course, by Louis Spiro, the third opponent in the suit. The defendants having defaulted in their payments to the Union Homestead Association, foreclosure proceedings were had by the Homestead Association, and the mortgaged property was seized and advertised for sale. Two days preceding the date of the sale, Louis Spiro, the holder and owner of the note secured by the second mortgage, filed his opposition herein and had a rule served upon the plaintiff to show cause why the claim of opponent, with interest thereon, attorney’s fees, and costs should not be paid to him by • preference and priority over all other persons, out of the proceeds of the sale of said property. The Union Homestead Association prayed for oyer of the act of mortgage under which the third opponent asserted his claim. In his return to the prayer for oyer the opponent attached thereto a certified copy of the- extract of the second mortgage as it appears in the mortgage records, and prayed that it be deemed a sufficient return to the prayer. The plaintiff moved to have the return stricken from the record as being insufficient. This motion, however, was denied. Plaintiff then filed the exception of no cause of action and, reserving the benefit of this exception, filed its return to the rule to show cause. In its return the plaintiff pleaded in bar of opponent’s claim that opponent acquired the note held by him about two and one-half years after the plaintiff’s mortgage and vendor’s lien had been recorded; that opponent was charged with notice of what appeared upon the public records, and pleaded this notice as a bar to the relief prayed for by opponent This plea was argued, submitted, and maintained, and the rule taken herein by the opponent was dismissed at his cost. From this judgment the opponent appealed.
 

 Under the title “How Privileges are Preserved and Recorded,” article 3274, Rev. Civ. Code, provides:
 

 “No privilege shall have effect against third persons, unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no. preference on the creditor who holds it, over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded within seven days from the date of the act or obligation of indebtedness,
 
 *442
 
 when the registry is required to be made in the parish where the act was passed or the indebtedness originated and within fifteen days if the registry is required to be made in any other parish of this State. It shall, however, have effect against all parties from date of registry.”
 

 In the case of Allen-Wadley Lumber Co. v. Huddleston, 123 La. 522, 49 So. 160, 161, this court said:
 

 “For a privilege to have effect over an existing mortgage, it must be recorded within the delay prescribed by article 3274 of the Civil Code. Bank v. Fortier, 27 La. Ann. 243; Citizens’ Bank v. Hotel Association, 27 La. Ann. 460; State ex rel. Prager v. Recorder of Mortgages, 28 La. Ann. 534; Gallaugher v. Congregation, 35 La. Ann. 829; Givanovitch v. Congregation, 36 La. Ann. 274.”
 

 Counsel for opponent contends that article 3274, Rev. Civ. Code, has been repealed by subsequent legislation. He says:
 

 “Art. 3274, Rev. Civ. Code, is utterly inconsistent with Act No. 120 of 1902, Act No. 215 of 1910, Act No. 292 of 1910, Act No. 28 [2291 of 1916, Act No. 126 of 1926 and Act No. 140 of 1932, and the article has no further force or effect, so far as a vendor’s lien is concerned.”
 

 The acts mentioned by counsel are those referring to and regulating building and loan and. homestead associations. They prohibit building and loan and homestead associations from acquiring incumbered property except where the association itself is the creditor, and they provide that all
 
 Mens
 
 recorded subsequent to the recordation of the building and loan or homestead vendors’ liens shall be subordinate to the building and loan and homestead vendors’ liens, etc. These acts make no reference to, and we fail to see where they are in conflict with, article 3274, Rev. Civ. Code. That article merely provides a time limit within which registry of a
 
 privilege
 
 must be made, as a condition precedent to the preservation of its priority over creditors who have acquired a
 
 mortgage
 
 on the property pending the recordation of the
 
 privilege.
 
 Counsel for opponent on page 5 of his brief says:
 

 “If a man puts a conventional mortgage on his property, he can sell it only subject to and encumbered by that mortgage. Hence the purchaser when he sells it, can give nothing but an encumbered title, it matters not whether that purchaser be or not a homestead association.”
 

 That would be true if the property was incumbered when the homestead association purchased it. That is • not the case here. When plaintiff purchased the property from the Fincks it was unincumbered, and when the second mortgage, upon which opponent relies, was executed it was incumbered with the mortgage and vendor’s lien upon which the foreclosure proceedings issued, and as the plaintiff’s mortgage was recorded timely, it preserved the priority of the plaintiff’s vendor’s lien over the conventional mortgage to Marks, although the conventional mortgage was recorded first.
 

 It would serve no useful purpose to review the codal provisions and jurisprudence of. the state prior to the passage of Act No. 45 of 1877 (amending Rev. Civ. Code, art. 3274). There has been no change since the passage
 
 *444
 
 of that act except to extend the time within which certain liens and privileges must be .recorded to preserve the priority of the lien claimants, and fixing the beginning of the time within which such liens must be recorded.
 

 These questions were considered in Rose v. Eunice Electric Theatre Co., Ltd., 154 La. 81, 97 So. 322; 326, and in Gleissner et al. v. Hughes, 153 La. 133, 95 So. 529. In its consideration of the effect of Act No. 229 of 1916 upon article 3274, .Rev. Civ. Code, this court in the Rose Case said:
 

 “In so far as relates to the effect of Act No.- 229 on article 3274 of the Civil Code, with respect to the time within which the privilege granted by the act must be recorded, the act .extends the time from 7 or 15 days, as the case might have been under the article of the Code, to 45 days, the delay for recordation beginning to run, not from ‘the date of the act or obligation of indebtedness,’ giving rise to the privilege, as provided by the Code, but from ‘the acceptance of the work by the owner of the land on which the work was done or his trustee or agent.’ Section 2, Act No. 229 of 1916. Gleissner v. Hughes, 153 La. 133, 95 So. 529. * * *
 

 “As the privilege is valid as against the owner, and as it was timely recorded in the proper records, it primes, under sections 1 and 9 of the statute, third opponent’s mortgage, although the mortgage was recorded some time before the privilege.”
 

 Counsel for opponent on page 4 of his brief asks the following question:
 

 “Does a homestead vendor’s lien, resulting from a sale and resale, take precedence over a conventional mortgage granted on the same day by the same parties, which is recorded in the mortgage office one day before the mortgage and vendor’s lien of the Homestead Association, when the mortgage note is subsequently purchased for value, before maturity, and. held by an innocent third party?”
 

 Our answer to the question is yes, provided the vendor’s lien was recorded timely. As a general rule mortgages and liens take rank from the date they are filed for record, but there are statutory exceptions to the rule, notably article 3274, Rev. Civ. Code, the acts relating to building and loan associations, mentioned supra, and those relating to laborers’, mechanics’, and materialmen’s liens. All of .these acts have been interpreted by this court, and their provisions have been uniformly applied in favor of the. lien claimant where the lien was recorded in the manner and within the time required by the statute.
 

 Eor the reasons stated we find that the judgment appealed from is correct, and it is therefore affirmed at appellant’s cost.
 

 O’NIELL C. J., concurs in the decree.
 

 ROGERS, J., takes no part.