## SHIVELY v. PERKINS et al.

### No. 4830.

Court of Appeal of Louisiana. Second Circuit.

Nov. 2, 1934.

S. I. Foster, of Leesville, for appellants.

Pickett & Moore, of Many, for appellee.

MILLS, Judge.

This is a companion suit to that of J. L. Gilbert versus the same defendants, this day decided by this court. 157 So. 301. In this case A. Shively is suing B. E. Perkins, Harry J. Babbin, and W. D. Talbot, jointly, for wages in the sum of $298, interest, and costs; $270 being due for labor performed by him in the drilling and operation of an oil well, and $28 being assigned to him by a fellow laborer. Plaintiff asserts a privilege upon the well, drilling rig, etc., as provided by Act No. 161 of 1932, and prays for a writ of provisional seizure, which issued.

Defendants filed exceptions of nonjoinder, misjoinder, and of no right of action, based upon the allegation that the property seized was owned by the Red Stick Oil Company, Incorporated, a Louisiana corporation in which they are stockholders and not liable for its debts. The answer, filed with reservation of rights under the exceptions, is practically a general denial. Babbin reconvened, claiming the sum of $100 for dental work done on plaintiff's wife, and for $19.72 for money loaned.

The exceptions were overruled, and after due trial had there was judgment for plaintiff as prayed for, and in favor of Babbin on his reconventional demand in the sum of $100. Defendants were taxed for all costs of the suit. Defendants alone appeal.

■ The exceptions were correctly overruled as defendants are without right to espouse the cause of the Red Stick Oil Company, Incorporated, as to the seizure; the allegation that they do not owe the debt being a matter of defense.

■ Shively testifies that he was employed by the three defendants, at $5 per day, to work on an oil lease in Sabine parish; that he worked from February 25, to March 20, 1933, a period of twenty-four days, earning $110; that from March 20th he worked two months pumping the well at an agreed wage of $80 per month, or $160; all of which is alleged to be unpaid; that Johnny Hollis, a fellow laborer on the same lease, has assigned to plaintiff his claim for labor amounting to $28, the written assignment being filed in evidence.

The testimony of Talbot and Rowley, defendants' agent and driller, respectively, shows clearly that plaintiff was employed by them before the incorporation of the Red Stick Oil Company, which occurred March 22, 1933. Defendants' interest in the property worked upon and seized in this case was not transferred to the corporation until March 24, 1933; the deed not being recorded until April 14 of that year. It is clearly proven that plaintiff, after being employed by the authorized agent of defendant, was never informed of any alteration of the relationship between himself and defendants. He continued to work on the faith of that employment. Under the circumstances he is clearly entitled to hold them for his pay. While the evidence shows the incorporation of the Red Stick Oil Company and the transfer to them of the property, we are of the opinion the defendants are without right to espouse the cause of the corporation in this proceeding.

■ Though payment is not pleaded, Talbot testifies that after the termination of the employment in Sabine parish, Shively worked for him in Vernon parish and that he there had a settlement in full covering the work in both parishes. Talbot also contends that Shively was to receive only $50 per month after the first month of pumping if the well was not a paying proposition. There is some testimony going to show that the well did not pay, but it is not shown that Shively was ever informed of this or notified of any intended reduction in wages. The burden of proving payment is, of course, on the defendants. The testimony of Talbot and of Rowley as to the settlement of all indebtedness made in Vernon parish is so indefinite and unsatisfactory, in the face of plaintiff's stout denial of same, that we do not think it sufficiently proven; especially as the amount alleged to have been paid is only about what was due on the Vernon parish work and entirely out of proportion to the total amount owed. No receipt was taken. Talbot and Rowley testify that Hollis,

the assignor of his $28 labor claim to plaintiff, did not work on the lease. Shively and one W. A. Jackson testify positively that he did. The assignment, sworn to by Hollis and admitted without objection or limitation, sets out the fact that this work was performed. We think this creates a fair preponderance of the evidence in favor of the allowance of the Hollis claim.

██ Dr. Babbin proved up his dental account, but testifies that he had transferred it to apply on Shively's claim for wages. His reconventional demand should, therefore, have been rejected and the amount credited on plaintiff's claim. However, as plaintiff does not appeal, we are without the power to thus correct the judgment.

For the reasons above assigned the judgment appealed from is affirmed.