## GILBERT v. PERKINS et al.
### No. 4829.

Court of Appeal of Louisiana. Second Circuit.

Nov. 2, 1934.

S. I. Foster, of Leesville, for appellants.

Pickett & Moore, of Many, for appellee.

TALIAFERRO, Judge.

Plaintiff worked as a laborer on a well drilled for oil and/or gas on lands in section 11, township 7, range 11 in Sabine parish, between February 20 and March 17, 1933. He claims twenty-one days' service at $5 per day. He alleges that defendants, B. E. Perkins, Harry J. Babbin, and W. D. Talbot, all residents of East Baton Rouge parish, employed him to work on the well and therefore are responsible to him for this balance due for his labor. The well and the rig and other drilling equipment in connection therewith were provisionally seized as authorized by Act No. 161 of 1932. Defendants, in limine, filed what they denominated an exception, in which it is averred that the property seized herein was not owned by them but belonged to Red Stick Oil Company, Inc., of which they were stockholders; that they were merely the registered agents of that corporation, and could not be personally held for its obligations. This document is referred to in the minutes of the court as an exception of misjoinder, nonjoinder, and of no cause of action. It was overruled, and on motion of plaintiff the court ordered it to stand as an answer. No objection seems to have been made to this ruling. Defendants then filed a general denial to all the allegations of the petition.

There was judgment for plaintiff as prayed for, with recognition of the lien and privilege on the property provisionally seized. Defendants have appealed.

In this court counsel for defendants filed motion to remand the case to the lower court for the purpose of having the record completed by including therein a transfer from defendants to the Red Stick Oil Company, Inc., of the property provisionally seized; the registry of this document having taken place on March 24, 1933, some seven days after the last day plaintiff worked on the well, and several months prior to filing this suit. This offering was made by plaintiff's counsel. It is suggested by counsel for defendants, in brief, that should we find the oral testimony in the record "will suffice to establish the fact that the oil well properties seized in this case had been transferred and sold to the corporation * * * prior to seizure thereof," no good purpose would be served by sustaining the motion to remand. We do not know for what purpose thi absent document was introduced by plaintiff, but its contents are not disputed by either side. We shall assume that the instrument is of the character and purport admitted by both sides, and deny the motion to remand.

The Red Stick Oil Company, Inc., was incorporated on March 20, 1933, three days after plaintiff ceased to work on the well. Defendants and six other persons signed the articles of incorporation as stockholders. It is clear, therefore, that plaintiff was not employed by, nor did he work for, this corporation, as contended by defendants. It was not in existence at the time he quit work.

The driller of the well was named R. D. Rowley. Mr. Talbot, one of the defendants, testifying for himself and his codefendants, stated that they had stock in the well on which plaintiff labored; that Rowley was employed as driller and had charge of the drilling operations, and that he hired the crew of assistants. He further says:

"Q. And you left it up to Mr. Rowley to hire his roughnecks? A. That is correct."

He admits that he, Perkins, and Babbin owned stock or units in the well, but he does not state whether they owned all the stock or not. This was before the Red Stick Oil Company was incorporated.

There is in the record a letter from defendant Perkins to one O. E. Williams, whose connection with the well or with defendants is

not disclosed, dated April 3, 1933, wherein it is said:

"We find that we owe a Mr. J. L. Gilbert * * * for 21 days time, amount $105.00. Will ask that as soon as you have sold enough oil from the tanks to pay him what you can on this labor bill."

Perkins' letter and the testimony of Mr. Talbot are sufficient to hold defendants responsible to plaintiff for the amount he has sued for. It is also shown that Talbot and Perkins personally paid some of the laborers who worked on the well with plaintiff, under Rowley, the driller. Mr. Babbin did not give evidence in the case. Plaintiff believed he was working for the three defendants, and we think him correct. Others may have been interested in the well but their interest and identity was not disclosed to plaintiff or any other laborer, so far as revealed by the record. Rowley, in fact, was the agent of all defendants, and had authority to hire and fire his assistants. His acts, in the scope of his employment, were their acts, and they are bound thereby.

■ Defendants complain that the judgment recognizes the seizure of property shown by the records to have been disposed of by defendants to the Red Stick Oil Company, Inc., several months before it was seized in this suit. This is a matter that addresses itself to the Oil Company, not a party to this suit, and should not concern defendants individually. The company's rights, as regards the seized property, will not be affected by said judgment. In this connection, however, it is shown that plaintiff had the proper evidence of his lien and privilege on the seized property registered in the mortgage records of Sabine parish within the sixty days allowed by the statute. See Union Homestead Ass'n v. Finck et al., 180 La. 437, 156 So. 458.

■ Plaintiff, in this court, by answer, contends that this appeal is frivolous and that the statutory penalty, provided in such cases, should be inflicted. It does not appear that the appeal was taken solely for the purpose of delay. Appellants, through counsel, submitted brief in this court and otherwise appear to have had faith in their position in the case.

We do not think the facts warrant the infliction of the penalty and the prayer is therefore denied.

The judgment appealed from is affirmed, with costs.