WARD, Judge.
The issue in this appeal is whether a vendor’s privilege on immovable property has preferential ranking over a previously recorded judicial mortgage recorded against the vendee of the property.
By an act entitled “Vendor's Lien” dated April 30, 1985 Robert L. Lucien sold immovable property in New Orleans to Joy Price, wife of/and Paul V. Spooner. The purchase price was $60,000.00, and Mr. and Mrs. Spooner gave Lucien a promissory note for $59,685.00 for the unpaid portion. The act recites that Lucien reserved and assigned the vendor’s privilege and note to Mellon Financial Services Corporation #7. In the same act Joy Price Spooner and Paul V. Spooner executed a mortgage to Mellon # 7 to further secure payment of the note, which was paraphed for identification with the mortgage.
Three years later, the Spooners defaulted and Mellon foreclosed on its mortgage, purchasing the property at sheriff’s sale. The Civil Sheriff for the Parish of Orleans prepared the Process Verbal Deed which recited that the judicial sale was subject to a prior recorded judgment against Joy Price in favor of the Leon Godchaux Clothing Co., Ltd. dated October 1, 1980.
Lawyers Title Insurance Corporation, which had issued a title policy for Mellon insuring it against prior encumbrances, filed a petition for writ of mandamus to direct the Civil Sheriff to execute an Act of Correction of the Process Verbal Deed, to show that Mellon’s vendor’s privilege and mortgage had priority in ranking over the judicial mortgage in favor of Godchaux’s. The Civil Sheriff answered opposing the mandamus. After trial on the merits the District Court issued its judgment directing the Civil Sheriff to reform the deed and ordering the Recorder of Mortgages for the parish of Orleans to cancel the God-chaux lien insofar as it related to the property acquired by Mellon.
The Civil Sheriff has appealed the District Court judgment rendered in favor of Lawyer's Title. The Civil Sheriff contends the District Court decision is at odds with this Court’s decision in Home Savings and Loan Association v. Tri-Parish Ventures, Ltd. No. 1, 505 So.2d 165 (La.App. 4th Cir.1987). The Civil Sheriff argues the Home Savings decision means that a prior recorded judicial mortgage against the vendee ranks before a subsequent and later recorded vendor’s privilege on the property purchased.
The Louisiana Real Estate Lawyers Association filed a brief on appeal supporting the Trial Court’s decision, requesting, as each of the parties do, for this Court to clarify and/or explain the Home Savings case.
We affirm. Although this Court’s decision in Home Savings is correct, the District Court was also correct in distinguishing that case from this case.
The Home Savings case originated from two separate suits for executory process to enforce notes and mortgages granted by Tri-Parish Ventures, Ltd., No. 1, in favor of Home Savings and Loan association. Tri-Parish purchased two separate pieces of property from third parties, and then granted mortgages to Home Savings. At the time Tri-Parish purchased the properties and when Tri-Parish granted the mortgages on the properties purchased by TriParish, there was a judicial mortgage recorded against Tri-Parish.
The Home Savings security devices were conventional mortgages. Home Savings did not utilize the often used procedure of acquiring the property from the sellers and immediately selling it to the true purchaser for the unpaid purchase price. Home Savings was never a vendor and did not acquire a vendor’s privilege granted by La. C.C. Art. 3249(1). Home Savings simply held mortgages which purportedly acquired the rank of a vendor’s privilege by virtue of La.R.S. 6:830 H set out below.
After Tri-Parish defaulted on both loans, and after foreclosure, holders of judicial *1321 mortgages against Tri-Parish intervened, claiming priority in the distribution of funds from the judicial sale. Homes Savings claimed priority by virtue of its conventional mortgages which Home Savings contends were given the same ranking priority as vendor’s privilege by virtue of La. R.S. 6:830 H and preferred over all mortgages. La.C.C. Art. 3186. This Court held the prior recorded judicial mortgage emanating from the mortgagor had priority in ranking, and quoted that part of La.R.S. 6:830 H(l) which gives those conventional mortgages the same status as a vendor’s privilege, but preference only as to mortgages that arise and are recorded subsequently to the conventional mortgage.
The prior recorded mortgage against Tri-Parish obviously has preference over the conventional mortgage Tri-Parish granted to Home Savings, La.C.C. art. 3329. Tri-Parish as a debtor could not sell the property to others to the prejudice of the prior recorded mortgage, and if TriParish and Home Savings went through the sale and resale procedure, the prior recorded mortgage against Tri-Parish would still have preference. La.C.C. art. 3397. Consequently, even if Home Savings by virtue of La.R.S. 6:830 H acquired a vendor’s privilege, the prior recorded mortgage had preference. Therefore, arguably, the Home Savings Court need not have' relied on La.R.S. 6:830 H(l) as authority for ranking. Harrell, Developments in the Law, 1986-87, Security Devices, 48 La.L. Rev. 477 (1987). Nonetheless, reliance on La.R.S. 6:830 H(l) was not misplaced.
If the purpose of La.R.S. 6:830 H was to give a conventional mortgage in favor of a homestead full equality as a vendor’s privilege created by La.C.C. art. 3249, it failed. When there is a credit sale, and a vendor’s privilege arises by virtue of Art. 3249, the vendor’s privilege on the immovable sold is preferred over all other creditors of the vendee for the unpaid purchase price, even over prior judicial mortgages recorded against the vendee. La. C.C. art. 3186. La.R.S. 6:830 H(l) says that this mortgage is given a status as a vendor’s privilege but is preferred only as to those judicial mortgages which arise and are recorded subsequent to its recordation. It does not differentiate between prior mortgages against vendor or vendee, and unlike Art. 3186 privileges, it is not preferred over prior judicial mortgages against the vendee. La.R.S. 6:830 H(l). Admittedly, Section H(l) conflicts with H(3):
H. (1) All mortgages executed upon immovable property in Louisiana in favor of associations organized and operating under the laws of the state shall-have a rank equal to that of a vendor’s privilege upon immovable property and shall have priority over all other liens, privileges, encumbrances and mortgages upon the property, and the improvements and component parts thereon which are recorded or arise in any manner subsequent to the date of recordation of the mortgage in favor of the association, including tax privileges of any nature and character, except ad valorem taxes on immovable property and assessments for paving.
* * * * * *
(3) The associations adopting the procedure set forth in this Section shall have all of the rights and privileges of a vendor to the same extent and in the same manner as if a sale to the association, and a sale by the association to a borrower had in fact been consummated, the intent of this Section being merely to provide an optional procedure without altering in any manner any of the rights accorded to, and obligations incurred by associations prior to the passage of this Section.
We are satisfied the Home Savings interpretation, which preferred the specific language of paragraph 1 over the general language of paragraph 3, is correct.
Although the Home Savings interpretation and decision is correct, that decision should not be interpreted to mean that all prior recorded liens, privileges, encum *1322 brances, or mortgages are preferred over vendor’s privileges created by La.C.C. art. 3249. Notwithstanding anything in Home Savings, only prior recorded liens, privileges, encumbrances and mortgages emanating from the vendor are preferred to vendor’s privileges that arise from La.C.C. art. 3249, and a vendor’s privilege given by that article has preference for payment of the purchase price over all liens, privileges, encumbrances and mortgages (excluding some taxes and paving liens) emanating from the vendee, even when those encumbrances are recorded before a credit sale is consummated and the vendor’s lien is created. 'La.C.C. art. 3186. The jurisprudence has always held and the newly amended La.C.C. art. 3251 confirms that a timely filed vendor’s privilege is superior in rank. Harrell, Developments in the Law, 1986-87, Security Devices, 48 La.L.Rev. 477 (1987). As explained in De L’Isle v. Succession of Moss, 34 La.Ann. 164, 166-67 (1881):
It would indeed be unjust to place an unpaid vendor on a footing of equality with the other creditors of the purchaser, and permit these to devour his substance; for it is only on condition that the price of the thing sold has been paid, that the purchaser acquires an indefeasible title of ownership to the property, and that his creditors can be paid ... It springs from the very nature of the contract of sale, of which it is a legal concomitant. It exists without stipulation, and adheres tenaciously to the thing sold. It is invariably considered as retained, unless renounced in language unmistak-enly clear, or by acts evidently designed to destroy effectually the presumption of its retention.... [Emphasis added]
It is the price that is protected by the privilege. By the sale the vendor increases the estate of the purchaser. It would be iniquitous to permit the property sold to become the prey of the creditors of the purchaser, without requiring as a condition precedent, the payment of its costs, [citations omitted].
See also, Union Homestead Ass'n v. Finck, 180 La. 437, 156 So. 458 (1934); Way v. Levy, 41 La.Ann. 447, 6 So. 661 (1889); Givanovitch v. Hebrew Congregation of Baton Rouge, 36 La.Ann. 272 (1884).
The purpose of the vendor’s lien is to prevent creditors of the vendee from appropriating the value of an increase in the assets of the vendee when the purchase price has not been paid and the vendee’s patrimony has not in fact increased. Harrell, supra.
In this case when Lucien sold to Joy and Robert Spooner by means of a credit sale, a vendor’s privilege was created by La.C.C. art. 3249. Lucien assigned this vendor’s privilege to Mellon # 7. Although Mellon #7 foreclosed on a conventional mortgage which resulted in seizure and sale, Mellon #7 may assert its claim to preferance by virtue of that vendor’s privilege acquired from Lucien. Mellon’s vendor’s lien, at least to the extent of the unpaid part of the purchase price owed to Lucien, has preference over the previously recorded Godchaux judgment against Joy Price.
AFFIRMED.